**SO ORDERED.**

**SIGNED this 09 day of August, 2006.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

**BRENDA JOHNSON HOWARD,**

        **Debtor.**　　　　　　　　　　　　　　**Case No. 06-01838-8-JRL
Chapter 13**

_____

## ORDER

This matter is before the court on the debtor's motion to extend the automatic stay. On July 19, 2006, the court conducted a hearing in Wilmington, North Carolina.

The debtor filed a Chapter 13 petition on June 22, 2006. As her previous Chapter 13 case was dismissed within a year of her petition date, the debtor filed a motion to extend the stay pursuant to 11 U.S.C. § 362(c)(3)(A). She asserts that due to a substantial change in circumstances, she currently has the financial means to successfully complete her bankruptcy case. Mid-State Trust VIII ("Mid-State"), a creditor in the debtor's case, objects to her motion on several grounds, including the debtor's failure to complete credit counseling prior to her petition date pursuant to 11 U.S.C. § 109(h)(1).

Under 11 U.S.C. § 109(h)(1), "an individual may not be a debtor under this title unless such

individual has, during the 180-day period preceding the date of filing of the petition," received credit counseling from an "approved nonprofit budget and credit counseling agency." A debtor's failure to obtain the required credit counseling may be excused by the court if the debtor files a statement that "describes exigent circumstances that merit a waiver of the requirement of paragraph (1)" and the debtor requested credit counseling "but was unable to obtain the services . . .during the 5-day period beginning on the date on which the debtor made that request." See 11 U.S.C. § 109(h)(3)(A). If this statement is satisfactory to the court, the debtor will be allowed thirty days after the petition date to comply with § 109(h)(1).[1] See 11 U.S.C. § 109(h)(3)(B).

The debtor in this case testified that her attorney failed to inform her of the pre-petition credit counseling requirement. She admits completing credit counseling on June 29, 2006, as evidenced by her certificate of completion that was filed with the court. She also acknowledged that she did not file a statement of exigent circumstances.

Based on the foregoing, the court finds the debtor is not eligible to be a debtor pursuant to 11 U.S.C. § 109(h)(1). Through no fault of her own, the debtor does not meet the jurisdictional requirements of the Bankruptcy Code. Accordingly, the motion to extend the stay is denied and the case is dismissed.

"End of Document"

---

[1] The court will not waive the requirement completely unless it determines, after notice and a hearing, that the debtor is unable to complete credit counseling "because of incapacity, disability, or active military duty in a military combat zone." See 11 U.S.C. § 109(h)(4).